J-A12045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NEFTALI VALENTIN | : | |
| | : | |
| Appellant | : | No. 3125 EDA 2022 |

Appeal from the PCRA Order Entered November 21, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000957-2006

BEFORE: OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED AUGUST 22, 2023**

Neftali Valentin appeals the dismissal of his request for relief under the Post Conviction Relief Act ("PCRA") as untimely. *See* 42 Pa.C.S.A. §§ 9541-9546. He argues that the court erred in rejecting his claim that he pleaded guilty to an offense that does not exist. We affirm.

Valentin entered an open guilty plea in October 2006 to two counts of attempted criminal homicide, 18 Pa.C.S.A. §§ 901(a), 2501(a), and one count of arson endangering persons, 18 Pa.C.S.A. § 3301(a)(1)(i). He was sentenced in February 2007 to an aggregate term of 21 to 42 years in prison. His post-sentence motion was denied by operation of law on July 6, 2007. *See* Notice of Intent to Dismiss PCRA Petition Pursuant to Pa.R.Crim.P. 907(1), filed 10/28/22, at 1 n.1 (unpaginated). Valentin did not file a direct appeal.

On February 12, 2021, Valentin filed what he styled as a "Petition for *Habeas Corpus* Relief Pursuant to Article I, § 14 of the Pennsylvania

Constitution." He claimed that he was "illegally confined on the basis of a guilty plea to two counts of criminal attempt 18 Pa.C.S. § 901(a), first degree 18 Pa.C.S. § 2502(a) that do not exist because the Pennsylvania General Assembly never enacted any such criminal statute to define the conduct which constitutes the offense." Pet. for *Habeas Corpus* Relief, filed 2/12/21, at 2. The court treated the petition as a PCRA petition and appointed counsel.[1] **See** Order, filed 1/19/22, at ¶ 2, n.1. Valentin's petition did not address the PCRA's time-bar, nor did it reference any time-bar exception.

Counsel filed a **Turner/Finley** letter, concluding that Valentin's petition was untimely, and he requested to withdraw as counsel.[2] **See** Appl. to Withdraw as Counsel of R., filed 9/19/22, at Ex. A. The PCRA court issued notice of its intent to dismiss the petition without a hearing. It concluded that the petition was facially untimely, and Valentin had failed to plead any time-bar exception. **See** Notice of Intent to Dismiss at 1 n.1 (unpaginated). Valentin filed a response stating "[a] petition raising the fact that an offense does not exist should not be barred on the grounds that it is untimely[.]" Answer to Ct.'s Notice of Intent to Dismiss, filed 11/9/22, at ¶ 6. Valentin's response did

---

[1] We conclude that the PCRA court properly treated Valentin's "Petition for *Habeas Corpus* Relief Pursuant to Article I, § 14 of the Pennsylvania Constitution" as a PCRA petition. **See** 42 Pa.C.S.A. § 9542 (stating PCRA encompasses all other remedies including *habeas corpus*).

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

not address any time-bar exception. The court denied Valentin's petition and granted counsel's motion to withdraw. *See* Order, filed 11/21/22.

Valentin presents the following issue: "Whether the Trial Court abused its discretion in dismissing [Valentin's] Petition for *Habeas Corpus* Relief alleging he is illegally confined on the basis of a Guilty Plea to two counts of Criminal Attempt 18 Pa.C.S. § 901(a), First Degree 18 Pa.C.S. § 2502(a) that do not exist[?]" Valentin's Br. at 3.

When reviewing the denial or grant of relief under the PCRA, this Court must determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free of legal error." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020).

We do not address the merits of Valentin's claims because his petition was properly subject to the strictures of the PCRA and Valentin failed to meet the PCRA's time requirements. *See Commonwealth v. Pursell*, 749 A.2d 911, 913-14 (Pa. 2000). The thrust of Valentin's claim is that there was no statutory support for the crimes to which he pleaded guilty. Such a claim goes to the legality of the sentence. *See Commonwealth v. Prinkey*, 277 A.3d 554, 563 (Pa. 2022). Challenges to the legality of a sentence are cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543. They are therefore subject to the PCRA's time restrictions. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (concluding that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA time limits or one of the exceptions thereto").

The PCRA's time limitations are jurisdictional in nature. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014). A petitioner has one year after the judgment of sentence becomes final to seek relief that is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3). If a petition seeks PCRA relief beyond that deadline, the petitioner must plead and prove at least one of the PCRA's time-bar exceptions. These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii).

Valentin's judgment of sentence became final on August 6, 2007, when the time to file a direct appeal expired. *See Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa.Super. 1997) (stating judgment of sentence does not

become final until the disposition of post-sentence motion or the denial of it by operation of law); 1 Pa.C.S.A. § 1908 (providing that when last day of period of time set forth in statute falls on Saturday or Sunday, that day is excluded from computation). Therefore, the one-year deadline elapsed on August 6, 2008, and the instant petition, which Valentin filed in February 2021, is facially untimely. Thus, the PCRA court lacked jurisdiction unless Valentin pleaded and proved at least one of the time-bar exceptions. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Valentin did not attempt to raise any time-bar exception before the PCRA court. The PCRA court properly determined that the petition was untimely and that it lacked jurisdiction. Furthermore, even if Valentin's petition were timely, his claim is meritless. He pleaded guilty to criminal attempt, which is a codified crime embodied in a statute setting forth the elements of the offense. **See** 18 Pa.C.S.A. § 901. We affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2023